THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CORNELIUS HARPER, Defendant-Appellee.

First District (2nd Division)   No. 1—98—3998

Opinion filed December 30, 1999, *nunc pro tunc* December 7, 1999.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Robert Berlin, William Toffenetti, and John M. Sheldon, Assistant State's Attorneys, of counsel), for the People.

J. Scott Arthur, of Orland Park, for appellee.

JUSTICE McBRIDE delivered the opinion of the court:

Defendant Cornelius Harper was charged by indictment with first-degree murder, aggravated battery with a firearm, armed violence, armed robbery, home invasion, aggravated discharge of a firearm, residential burglary, robbery and aggravated battery. The trial court subsequently granted defendant's motion to suppress statements. The State appeals, contending that the court erred in granting the motion to suppress where defendant had not invoked his implied fifth amendment right to counsel and where his sixth amendment right to counsel had not yet attached with respect to the offenses for which he was subsequently charged. Defendant, as appellee, counters that his motion to suppress was properly granted because his fourth amendment right against unreasonable seizure was violated.

On March 29, 1995, Chicago Heights police detective Michael Brink and his partner met with Assistant State's Attorney John Dillon regarding a homicide investigation. During the course of their investigation, the detectives learned that a family member of the victim identified defendant as a participant in the crime and that defendant was in the Cook County jail on an unrelated charge of domestic battery. Dillon then gave the detectives a letter stating that defendant could be released from the Cook County jail into the detectives' custody for 24 hours. This "jail letter" also stated defendant's name, identification number, whether or not the case was related to the charge for which he was in custody, and the time defendant was released. Dillon also told the detectives the procedure for returning defendant to the jail and that a form would later go into the State's Attorney's file in Markham, Illinois.

The detectives learned that defendant was in court, and they obtained letters from Dillon for the following two days after determining that the 24-hour period would not be sufficient. However, Detective Brink testified that they were only allowed to have defendant released to their custody for one 24-hour period. On March 30, 1995, Detective Brink took defendant into custody pursuant to the jail letter and questioned him at the Chicago Heights police station. After defendant incriminated himself in the homicide, the detectives returned defendant to the jail and later obtained a warrant for his arrest in the instant case.

At the hearing on defendant's motion to suppress, Dillon testified that jail letters, such as the one used here, were not approved by a judge. He also stated that, if an inmate was to be placed in a lineup, the inmate's attorney would be contacted and a request would usually be made that he be dressed in civilian clothing. Dillon further testified that the State's Attorney did not have a policy or instructional memo on the use of jail letters.

The State contends that the trial court erred in granting defendant's motion to suppress because no right to counsel was implicated under either the fifth or sixth amendment.

■ Where neither the facts nor the credibility of the witnesses is questioned, a trial court's ruling on a motion to suppress is subject to *de novo* review. *People v. James*, 163 Ill. 2d 302, 310, 645 N.E.2d 195 (1994). An accused's assertion of his fifth amendment protections under *Miranda* during a custodial interrogation "will preclude further police-initiated questioning, even on unrelated offenses, unless counsel is present." *People v. Maxwell*, 148 Ill. 2d 116, 129, 592 N.E.2d 960 (1992), citing *McNeil v. Wisconsin*, 501 U.S. 171, 175-77, 115 L. Ed. 2d 158, 166-68, 111 S. Ct. 2204, 2207-08 (1991). A defendant's assertion of his sixth amendment right to counsel bars the police from initiating further questioning as to the charged offense, but does not prohibit questioning as to unrelated offenses. *Maxwell*, 148 Ill. 2d at 128-29.

The State argues that the recent decision in *People v. Harris*, 182 Ill. 2d 114, 695 N.E.2d 447 (1998), is controlling and requires reversal of the trial court's ruling on the motion to suppress. In *Harris*, the police were investigating a murder and used a jail letter to take the defendant from the Cook County jail where he was being held for violation of his probation, to a police station where he participated in a lineup and made statements. The next morning, the police returned the defendant to the jail. The trial court denied the defendant's motion to suppress, finding that none of defendant's constitutional rights were violated by the jail letter procedure. On direct appeal from his capital conviction, the defendant argued that the procedure violated the Illinois Habeas Corpus Act (735 ILCS 5/10—101 *et seq.* (West 1994)) and the County Jail Act (730 ILCS 125/0.01 *et seq.* (West 1994)). The supreme court determined that, even if those statutes had been violated, the suppression of evidence would not be an appropriate remedy. *Harris*, 182 Ill. 2d at 149-50. The court also stated:

"It should be noted that the defendant does not contend here that the questioning of him at [the police station] violated his fifth amendment right to counsel. The defendant's exercise of his sixth amendment right to counsel at the probation violation hearing did not extend to other, as yet uncharged, offenses and did not preclude, on fifth amendment grounds, questioning on unrelated offenses. [Citations.]

*** Moreover, the police had legitimate reasons to transfer the defendant to [the police station], where the investigation was centered and where they could conduct a lineup." *Harris*, 182 Ill. 2d at 150.

■ Here, like the defendant in *Harris*, defendant does not contend

that he was questioned in violation of his right to counsel. Defendant does not claim that he was questioned in violation of his *Miranda* rights, and the record contains no references to defendant asserting his rights under the fifth amendment. Further, although defendant was represented by counsel, the representation was on an offense not related to the instant charges. Therefore, defendant's sixth amendment rights were not implicated in the instant case, and the police were permitted to question defendant regarding his involvement without the presence of counsel.

■ Without citing any cases on point, defendant generally asserts that the officers violated his fourth amendment right against unreasonable seizure by removing him to another location for questioning on an unrelated charge. However, defendant's freedom was already restricted because he was in custody on another charge. Instead of presenting reasoned legal argument as to why the procedure is constitutionally impermissible, defendant's brief mounts a generalized attack on the jail letter procedure. Defendant lists a series of alternative procedures, such as questioning defendant at the jail or asking defendant's attorney for permission to speak with him. Regardless of whether alternative procedures may have been available to the police, defendant has not persuaded us that his rights under the fourth amendment were violated. Under the circumstances presented, the State's use of a jail letter to temporarily release defendant into the custody of police investigating an unrelated case, merely to question him in another location, was not unreasonable.

Accordingly, the order of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

COUSINS, P.J., and McNULTY, J., concur.